MEMORANDUM **
1. Slaughter-Payne failed to present evidence that she had one year of special *13 ized experience at the GS-9 level, which was necessary for her to qualify for the position of Human Resources Management Specialist GS-201/11. She therefore failed to make a prima facie case of discriminatory or retaliatory non-selection as to that position. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105-06 (9th Cir.2008) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Slaughter-Payne’s evidence that she was qualified, but not selected, for different Human Resources positions, does not constitute evidence that she was qualified for the Human Resources Management Specialist GS-201/11 position. Nor does evidence that Slaughter-Payne qualified for the Human Resources Manager (Intern) GS-201/11 position in June 2003, show that she was qualified for the Human Resources Management Specialist GS-201/11 position when she applied and was rejected more than a year earlier. We therefore affirm the district court’s grant of summary judgment to the YA on this claim.
2. Even if Slaughter-Payne made a prima facie case that she qualified for the Computer Specialist GS-334/5/7/9 position, she failed to provide “specific and substantial” evidence, Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir.2005), that the VA’s “legitimate, nondiscriminatory” explanation that it selected Robert Pyle because he was more qualified was pretextual, id. at 1094. Slaughter-Payne’s evidence that she was referred by Human Resources for the position at a higher grade level than Pyle, and was a Microsoft Certified Professional, does not constitute “specific and substantial” evidence of pretext in light of the unrebutted evidence that a Human Resources qualification rating does not necessarily reflect a candidate’s ability to perform in a particular job, that Robert Jones, the selecting official, did not consider any of the referred candidates to be qualified above a GS-5, and that Pyle had more systems-related experience than Slaughter-Payne. We therefore affirm the district court’s grant of summary judgment to the VA on this claim.
3. Any error in the district court’s consideration of Mauricio Ponce’s affidavit was harmless, see Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir.2007), because the court’s conclusions were amply supported by other evidence in the record, including Judith Law’s affidavit, Robert Jones’s affidavit, the OPM Manual, Slaughter-Payne’s job applications for both positions, and Pyle’s application for the Computer Specialist GS-334/5/7/9 position. See Sablan v. Dep’t of Fin. of the N. Mar. I., 856 F.2d 1317, 1323 (9th Cir.1988).
4. In light of our policy of “constru[ing] the language of EEOC charges with utmost liberality,” B.K.B. v. Maui Police Dep’t, 276 F.3d 1091, 1100 (9th Cir.2002) (quoting Kaplan v. Int’l Alliance of Theatrical & Stage Emps., 525 F.2d 1354, 1359 (9th Cir.1975)) (internal quotation mark omitted), the district court erred in holding that Slaughter-Payne’s retaliation claim relating to the lateral transfer was unexhausted. This claim could “reasonably be expected to grow out of’ Slaughter-Payne’s other charges to the EEOC, id. (emphasis omitted) (quoting EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994)), because she raised the issue in a letter to the EEOC, the transfer took place within the time frame of her other allegations, and the claim is “consistent” with her “original theory of the case.” Id. Conversely, Slaughter-Payne failed to exhaust her claim that her removal as the Black Employment Program Manager was retaliatory. The removal took place several years before the incidents described in *14 her EEOC charge and therefore could not have been reasonably “expected to grow out of’ them. Id. (quoting EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994)).
With respect to her claims that the one-person RIF and lateral transfer were retaliatory, Slaughter-Payne established a prima facie case by presenting evidence that she engaged in a protected activity, namely involvement in an informational protest relating to labor issues, that she suffered employment actions that were “reasonably likely to deter” her from protected activities, Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir.2000), and that the protected activity and the adverse actions were causally related due to the close, temporal connection between the August 2001 protest and the September 2001 Voluntary Separation Incentive Payment (VSIP) letter, Bell v. Clackamas Cnty., 341 F.3d 858, 865-66 (9th Cir.2003).
Although the VA presented a legitimate nondiscriminatory reason for its adverse actions, namely budgetary constraints and its desire to find Slaughter-Payne a new position, Slaughter Payne’s evidence of pretext was sufficient to raise a genuine issue for trial. The close temporal proximity between the protest and the VSIP letter, mentioned above, is evidence of pretext. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 732-33 (9th Cir.1986). Although other employees were also affected by VA’s decision to eliminate Slaughter-Payne’s program, an employer’s statement that “it decided to lay off a group of workers” is insufficient to defeat a claim of pretext, Davis v. Team Elec. Co., 520 F.3d 1080, 1094 (9th Cir.2008), and VA has not explained why it selected Slaughter-Payne in particular for termination, see id. Moreover, Slaughter-Payne alleged that the program the VA claimed to be eliminating for budgetary reasons was still operating as of the time she filed her complaint. The VA has presented no evidence rebutting this allegation. Because Slaughter-Payne submitted sufficient evidence to raise a genuine issue that the threatened one-person RIF and lateral transfer were adverse employment actions in retaliation for her protected activities, we reverse the district court’s grant of summary judgment to the VA on these two claims.
5. Finally, we decline to consider Slaughter-Payne’s arguments relating to her cross-motion for summary judgment and motion for sanctions, because these issues were not properly briefed and are therefore waived. See United States v. Kama, 394 F.3d 1236, 1238 (9th Cir.2005); Sandgathe v. Maass, 314 F.3d 371, 380 n. 8 (9th Cir.2002).
Each party shall bear its own costs on appeal.
AFFIRMED IN PART AND REVERSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.